## BIRD ELECTRON BEAM CORPORATION *v.* DAVID GAMAGE (4908)

DUPONT, C. J., BORDEN and DALY, Js.

Submitted on briefs March 2—decision released November 17, 1987

*Louis R. Pepe* filed a brief for the appellant (plaintiff).

*Bruce D. Tyler* filed a brief for the appellee (defendant).

DUPONT, C. J. This case is a sequel to our decision in *Bird Electron Beam Corporation* v. *Gamage,* 11 Conn. App. 67, 526 A.2d 1 (1987). In that case, the plaintiff employer brought suit against the defendant, a former employee of the plaintiff, to enforce an anticompetition and nondisclosure agreement by preventing the defend-

ant from working for and from disclosing confidential information to a second employer. The "Non-Disclosure Agreement" provided that for a period of two years after termination of the defendant's employment with the plaintiff, he would not render services to any "conflicting organization" within a certain geographical area and would not disclose "confidential information." See id., 68 n.1.

The trial court concluded that the agreement was effective to preclude the defendant from working for another if he were engaged in disclosing or using confidential information of the plaintiff, and that the defendant had not breached the agreement. On appeal, this court upheld the trial court's finding that the defendant was not disclosing or using confidential information learned from the plaintiff in his new employment. Id., 70. We remanded the case, however, for an articulation by the trial court as to whether the defendant's present employer was a "conflicting organization" and how that fact, if found, impacted on its conclusion as to whether the defendant breached the agreement because of his new employment. Id., 73.

On remand, the trial court found that the defendant's new employer was not a "conflicting organization." The trial court further found that if the new employer was a conflicting organization "there could be no breach of the agreement so long as the defendant did not disclose confidential information to the new employer." The plaintiff claims that the trial court erred (1) in finding that the new employer was not a "conflicting organization," and (2) in concluding that as long as the defendant did not disclose confidential information he could work for a "conflicting organization" without breaching the agreement. The plaintiff's specific argument is that the new employer was a "conflicting organization" within the meaning of the nondisclosure agreement and, therefore, the defend-

ant's employment was a per se violation of the agreement even if he were not disclosing confidential information.

The definition of "conflicting organization" as set forth in the parties' nondisclosure agreement means "any person or organization engaged in or about to become engaged in research on, or development, production, marketing or selling of a conflicting product." The agreement also defines a "conflicting product." Whether the defendant's subsequent employer was a "conflicting organization" under the facts of this case was a factual issue involving the intention of the parties. See id., 73 n.3. The court's determination on such an issue will not be disturbed unless it is clearly erroneous.

The trial court specifically found that the plaintiff is a "job shop," a service business which takes in products manufactured by others and then makes electron beam welding applications to these products. The court further found that the defendant's new employer, was not a "job shop" but, rather performed in-house welding on its own equipment, and did not compete with the business of the plaintiff for service work of others.

From those facts, the court determined that the defendant was not working for a "conflicting organization." This conclusion is supported by the facts found, which were, in turn, based on the evidence presented; see *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980); and it is not clearly erroneous. Accordingly, we hold that the trial court did not err in determining that the defendant's new employer was not a conflicting organization.

The trial court further concluded that even if the new employer were a conflicting organization there could be no breach of the agreement so long as the defendant did not disclose confidential information to the new employer. The plaintiff argues that the agreement could be breached if the defendant merely works for a conflicting organiza-

tion without disclosing confidential information. Since we uphold the trial court's finding that the new employer is not a conflicting organization, we need not decide whether the trial court's interpretation of the agreement in this regard is erroneous.

There is no error.

In this opinion the other judges concurred.